# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEMIEN CONSTRUCTION CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:14-CV-1014 JAR |
| | ) |
| O'FALLON FIRE PROTECTION | ) |
| DISTRICT, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant O'Fallon Fire Protection District's Rule

12(b)(6) Motion to Dismiss. (Doc. No. 11) The motion is fully briefed and ready for disposition.[1]

For the following reasons, the motion will be granted.

### I.    Background

Plaintiff brings this action under 42 U.S.C. § 1983 alleging a violation of due process

under the First and Fourteenth Amendments. Plaintiff also alleges state law claims for violation

of Mo. Rev. Stat. § 321.220(4), and the Missouri Constitution. According to Plaintiff, during the

spring of 2014, the District solicited a bid from it for the general construction of a new fire

house. (First Amended Complaint ("FAC"), Doc. No. 3 at ¶¶ 7-8) The "INVITATION TO BID"

incorporated by reference a "Recommended Guide for Bidding Procedures and Contract

---

[1] Plaintiff filed its response to Defendant's motion on July 17, 2014 (Doc. No. 13) and Defendant filed its reply on July 23, 2014. (Doc. No. 14) Plaintiff requested and was granted leave to file a sur-reply, which was filed on July 30, 2014. (Doc. No. 19) With leave, Defendant filed a response to Plaintiff's sur-reply on July 30, 2014. (Doc. No. 20) Because the parties have thoroughly briefed the motion, the Court has determined it can resolve the issues presented without the need for oral argument. Therefore, Plaintiff's motion for oral argument (Doc. No. 21) will be denied.

Awards" published by the American Institute of Architects to guide all bidding. (Doc. No. 3-1 at 5) The Guide provides that "[t]he contract should be awarded to the lowest responsible bidder." (Doc. No. 3-2 at 10) Plaintiff submitted the "lowest responsible bid" for the general construction on the fire house. (FAC at ¶ 9) On May 27, 2014, the District awarded the contract to another general contractor with a higher bid. (Id. at ¶ 11)

Plaintiff alleges that "by not awarding the bid for general construction of the fire house to [Plaintiff], the District did not meet the basic standards of due process under the First and Fourteenth Amendments of the United States Constitution as well as the Missouri Constitution because the District did not have objective data to not award the contract to [Plaintiff] on more than surmise, guesswork, or gut feeling." (FAC at ¶¶ 18, 28) Plaintiff further alleges that under Mo.Rev.Stat. § 321.220(4), the contract was not fairly bid. (Id. at ¶¶ 24-27) Plaintiff seeks damages for lost profits and loss of goodwill and business reputation as well as punitive damages.

## II.  Legal standard

In ruling on a motion dismiss under Rule 12(b)(6), the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, 2 (E.D.Mo. Oct. 25, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005)). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)

(abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

### III.    Discussion

### A.  Standing

The District first argues that Plaintiff lacks standing, as an unsuccessful bidder, to bring this action. In support of its motion, the District argues that because it expressly reserved the right "to select a Bidder other than the lowest" in accordance with its best interest (see, Doc. No. 3-1 at 7), Plaintiff "was not deprived of anything to which it was legally entitled," citing Metcalf & Eddy Services, Inc. v. City of St. Charles, 701 S.W.2d 497, 499 (Mo. Ct. App. 1985). (Doc. No. 12 at 3-4) Plaintiff responds that the Eighth Circuit has held that an unsuccessful bidder has standing to challenge a contract that was not fairly bid, citing Metropolitan Express Services, Inc. v. City of Kansas City, 23 F.3d 1367, 1371 (8th Cir. 1994). (Doc. No. 13 at 3-4)

Standing is a jurisdictional issue that must be addressed by a court before reaching the merits of a lawsuit. City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir.2007); see also, Elk Grove Unified School District v. Newdow, 542 U.S. 1, 11 (2004) (in every federal lawsuit, the party must establish standing to prosecute the action). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Elk Grove, 542 U.S. at 11 (quoting Warth v. Seldin, 422 U.S. 490, 498

(1975)). When a motion to dismiss is made on standing grounds, the standing inquiry must be done in light of the factual allegations of the pleadings. City of Clarkson Valley, 495 F.3d at 570. In order to have standing, a plaintiff must sufficiently allege a "special pecuniary interest" in the matter that demonstrates a clear legal right to the relief sought. Metcalf, 701 S.W.2d at 499. Plaintiff bears the burden of establishing standing to challenge the award of the contract. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Missouri cases hold that a disappointed bidder competing for a government contract does not have a special pecuniary interest in the award of the contract to it, and therefore generally lacks standing to challenge the award of the contract to another bidder. [2] See, e.g., State ex rel. Johnson v. Sevier, 98 S.W.2d 677, 679 (Mo. 1936); Brannum v. City of Poplar Bluff, 2014 WL 4242110 (Mo.Ct.App. Aug. 27, 2014); Public Communications Services, Inc. v. Simmons, 409 S.W.3d 538, 546-47 (Mo.Ct.App. 2013); State ex rel. Mid–Mo. Limestone, Inc. v. County of Callaway, 962 S.W.2d 438, 441–42 (Mo.Ct.App. 1998); Metcalf, 701 S.W.2d at 499; La Mar Const. Co. v. Holt County, R–II School Dist., 542 S.W.2d 568, 570–71 (Mo.Ct.App.1976).

Despite this general rule, Missouri courts recognize that members of the public have standing to challenge a contract award where the contracting authority exercises its discretion to solicit and evaluate bids unlawfully or capriciously. Simmons, 409 S.W.3d at 546.[3] Relying on

---

[2] The Missouri Supreme Court has explained that "[t]his is so for two reasons: "(1) Because the advertisement was not an offer of a contract, but an offer to receive proposals for a contract, and (2) because the statute requiring that contracts be let to the lowest and best bidder was designed for the benefit and protection of the public and not the bidders." State ex rel. Johnson v. Sevier, 98 S.W.2d 677, 679 (Mo. 1936).

[3] The District acknowledges this exception, but argues that a public duty is not at issue here. (Doc. No. 14 at 4) In point of fact, Plaintiff filed this action in its name alone; the amended complaint contains no allegations that the action was brought to protect the public interest. Further, Plaintiff's prayer for money damages indicates that Plaintiff considered it had a private

this principle, the Eighth Circuit has held that an unsuccessful bidder has standing to challenge a contract award under Missouri law "if the bidding procedure did not permit all bidders to compete on equal terms" or where the lowest bid is rejected "fraudulently, corruptly, capriciously or without reason." Metropolitan, 23 F.3d at 1371.

Metropolitan is distinguishable from the present case. The plaintiff in Metropolitan was not claiming it should have been awarded a contract; it did not even submit a bid. Rather, the plaintiff alleged that the city had completely "disregarded [applicable] competitive bidding procedures." 23 F.3d at 1370-71. Specifically, the city provided the successful bidder with information that other bidders did not receive and, as a result of negotiations based on that information, offered the successful bidder a contract that was materially different from the contract proposed in the bid package. The Eighth Circuit held that a plaintiff has standing to challenge a municipality's bidding procedure, where such procedure prevented the plaintiff from submitting a bid. Id. at 1372. In addition, the plaintiff was not seeking damages but rather to void the contract at issue. Id. at 1369.

Here, Plaintiff was invited to bid and did in fact bid on the project. Plaintiff alleges the District's bidding procedure did not permit all bidders to compete on equal terms, and that the contract was not fairly bid. (FAC at ¶¶ 26-27) Plaintiff further alleges the District's award of the contract was based on "surmise, guesswork, or gut feeling" as opposed to "objective data." (Id. at ¶¶ 18, 28) Finally, Plaintiff claims the District's failure to award it the contract was "arbitrary, capricious and fraudulent." (Id. at ¶ 29) Plaintiff fails to plead facts which support these conclusory allegations – even under notice pleading standards. "Threadbare recitals … supported by mere conclusory statements do not suffice." Croskey v. County of St. Louis, 2014 WL

---

right to the contract because it was the lowest responsible bidder. La Mar Const., 542 S.W.2d at 570.

3956617, at *1 (E.D. Mo. Aug. 13, 2014). C.f., Simmons, 409 S.W.3d at 543 (plaintiff made specific allegations that the State acted arbitrarily and capriciously by failing to consider Securus' charges for optional services, or prepaid account fees, while at the same time referring to Securus' bid as the "lowest and best.") Thus, Plaintiff has not met its burden to establish standing to challenge the award of the contract at issue. See Lujan, 504 U.S. at 560.

**B.  42 U.S.C. § 1983 claim**

Plaintiff's federal claims are based on 42 U.S.C. § 1983. "Section 1983 provides a cause of action to persons deprived of a liberty or property interest without due process of law." Clark v. Mickes, 2006 WL 1877084, at *3 (E.D.Mo. July 6, 2006) (quoting Barry v. Blue Springs R–IV Sch. Dist., 557 F.Supp. 249, 252 (W.D.Mo.1983)). Plaintiff alleges that the District's failure to award it the contract deprived it "of its due process rights under the First and Fourteenth Amendment." (FAC at ¶ 19)

**1.  First Amendment**

To state a violation of the First Amendment, Plaintiff must allege facts which show that (1) it engaged in activity protected by the First Amendment, and (2) the District's failure to award the contract at issue was based on Plaintiff's exercise of the protected activity. See, e.g., Peterson v. Kopp, 754 F.3d 594 (8th Cir. 2014); L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo., 673 F.3d 799 (8th Cir. 2012). The District argues that bidding on a municipal construction contract is not activity protected by the First Amendment and, therefore, the failure to award the contract to Plaintiff cannot constitute a First Amendment violation. (Doc. No. 12 at 5) The District relies on Sacco v. Pataki, 982 F.Supp. 231 (S.D.N.Y. 1997), an action brought by union employees arising from their loss of employment on a public project. The employees complained they were not rehired because of their public opposition to the union trusteeship and

their reservation of rights under their collective bargaining agreement. The court held the employees failed to show these were matters of public concern for purposes of their First Amendment claim. Id. at 240. The District argues that similarly, Plaintiff's complaints are asserted in its capacity as a general contractor seeking employment from a government entity, and not as a citizen voicing a public concern. (Doc. No. 12 at 5-6)

Because Plaintiff fails to address the District's arguments in its response, the Court finds Plaintiff has abandoned this claim.[4] Even if Plaintiff's claim was not abandoned, however, it would fail on the merits. The activity at issue here, i.e., bidding on a municipal construction contract, is a private business interest as opposed to a matter of public concern. "To extend [First Amendment] protection to activities involving business and self-interest matters would diminish the Supreme Court's holding which extends First Amendment retaliation protection to public employees and government contractors with regard to activity involving matters of public concern." Heritage Constructors, Inc. v. City of Greenwood, Arkansas, 2008 WL 190457, at *6 (W.D. Ark. Jan. 18, 2008).

### 2. Fourteenth Amendment due process violation[5]

In analyzing a claim that the deprivation of property violates either procedural or substantive due process, a court must first consider whether the claimant has a protected property

---

[4] See Culkin v. Walgreen Co., 2006 WL 839195, at *1 (E.D.Mo. Mar. 27, 2006) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion to dismiss); United States v. NHC Health Care Corp., 163 F.Supp.2d 1051, 1058-59 (W.D.Mo.2001) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion for summary judgment). See also Semi-Materials Co., Ltd. v MEMC Electronic Materials, Inc., 2011 WL 134078, at *4 (E.D.Mo. Jan. 10, 2011) (court construed plaintiff's failure to respond to argument raised in motion to exclude as abandonment of intent to introduce opinion).

[5] Although Plaintiff's FAC is not clear as to whether it is attempting to bring a procedural due process claim or a substantive due process claim under the Fourteenth Amendment, Plaintiff asserts it is pleading both. (Doc. No. 13 at 2)

interest to which the Fourteenth Amendment's due process protection applies. <u>Dover Elevator Co. v. Arkansas State Univ.</u>, 64 F.3d 442, 445-446 (8th Cir.1995). <u>See</u> <u>also</u> <u>Riley v. St. Louis County of Mo.</u>, 153 F.3d 627, 630 (8th Cir. 1998) ("Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated."). The District argues that Plaintiff had no property interest in the award of the contract at issue; therefore, the claim must be dismissed. (Doc. No. 14 at 6-7) In response, Plaintiff relies on the District's invitation to bid, which incorporated the "Recommended Guide for Competitive Bidding Procedures" requiring the contract be awarded to the lowest responsible bidder, and maintains that it met all of the District's requirements for submitting a bid. (Doc. No. 19 at 4)

To have a constitutionally protected property interest in a benefit, a person must have a "legitimate claim of entitlement to it." <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972). An abstract need or desire or a unilateral expectation is not sufficient. <u>Id.</u> State law determines the sufficiency of the claim of entitlement to a property interest. <u>Hanten v. School Dist. of Riverview Gardens</u>, 183 F.3d 799, 808-09 (8th Cir. 1999) (citing <u>Bishop v. Wood</u>, 426 U.S. 341, 344 (1976)). As discussed above, under Missouri law an unsuccessful bidder on a construction project has no property right in the contract. <u>See</u>, <u>Brannum</u>, 2014 WL 4242110; <u>Mid–Mo. Limestone</u>, 962 S.W.2d at 441–42; <u>Metcalf</u>, 701 S.W.2d at 499; <u>La Mar Const. Co.</u>, 542 S.W.2d at 570–71.

Further, the Recommended Guide cannot reasonably be read as imposing a binding obligation on the District to award a public contract to the lowest responsible bidder. The invitation to bid allows the District choose a bid other than the "lowest responsible bid." Under the heading "General Information," the District reserves the right to accept or reject any or all bids." (Doc. 3-1 at 1) Under the sub-heading, "AWARD OF CONTRACT," the District

expressly reserved the right to "to select a Bidder other than the lowest" in accordance with its best interest. (Id. at 7)

Finally, the statute cited by Plaintiff as controlling the bidding process, Mo. Rev. Stat. § 321.220(4), is not a bid statute. As pointed out by the District, it sets out the powers of a fire protection district; it does not create a claim of entitlement to a contract at the bidding stage. (Doc. No. 12 at 8) Moreover, the statute only requires publication of notice for bids for construction contracts involving an expense of ten thousand dollars or more. Because Plaintiff concedes notice (see FAC at ¶ 8), there is no issue as to the District's compliance with § 321.220(4).

For these reasons, Plaintiff's claim of entitlement to the contract award as the lowest responsible bidder fails. See Kim Const. Co., Inc. v. Board of Trustees of Village of Mundelein, 14 F.3d 1243, 1247 (7th Cir. 1994). Because Plaintiff lacks a constitutionally protected property interest, it cannot establish a due process violation under the Fourteenth Amendment.[6] Rodgers v. University of Missouri Bd. of Curators, 2014 WL 4843909, 9 (E.D.Mo. Sept. 29, 2014) (citing Forrester v. Bass, 397 F.3d 1047, 1054 (8th Cir.2005) ("Only if we find a protected interest do we examine whether the deprivation of the protected interest was done in accordance with due process.").

### C. State law claims

The remaining claims set forth in the first amended complaint are based on Missouri law. The District argues that the facts as pled demonstrate that it complied with the notice provisions

---

[6] To the extent Plaintiff alleges a violation of due process under the Missouri Constitution, the Court notes that the state and federal due process clauses are treated as equivalent provisions. See Jamison v. State, Dept. of Social Services, Div. of Family Services, 218 S.W.3d 399, 405 (Mo. 2007). Because Plaintiff lacks a protected property interest in the award of the contract, it likewise cannot establish a due process violation under the Missouri Constitution.

of Mo. Rev. Stat. § 321.220(4). Thus, Plaintiff fails to allege any facts to support a claim for relief under Missouri law. (Doc. No. 12 at 10)

This Court has jurisdiction over these remaining claims on the basis of its supplemental jurisdiction. 28 U.S.C. § 1367. Whether to exercise supplemental jurisdiction over a remaining state law claim is within the court's discretion; however, federal district courts generally should exercise judicial restraint and avoid state law issues when possible because such claims are more properly heard by state courts. See, e.g., United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966) (in the absence of a viable federal claim, the district court should decline to exercise supplemental jurisdiction over the state law claims); Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990) ("We stress the need to exercise judicial restraint and avoid state law issues wherever possible. We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions."). Having determined that Plaintiff's federal law claims must be dismissed, the Court will decline to exercise its supplemental jurisdiction over the remaining state law claims.

### IV.    Conclusion

Plaintiff has not met its burden to establish standing to challenge the award of the contract at issue. See Lujan, 504 U.S. at 560. Further, Plaintiff has failed to state a § 1983 claim for deprivation of its due process rights under either the First or Fourteenth Amendments. For these reasons, Plaintiff's federal claims will be dismissed. Finally, this Court will not exercise its supplemental jurisdiction over Plaintiff's remaining state law claims, which will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Oral Argument [21] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant O'Fallon Fire Protection District's Rule 12(b)(6) Motion to Dismiss [11] is **GRANTED**. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of December, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**